Agnes **SANDT,** Plaintiff,

v.

Ann **HOLDEN** and United Penn Bank, Defendants.

Civ. No. 87–1508.

United States District Court, M.D. Pennsylvania.

March 9, 1988.

Mark S. Love, Miller & Love, Mount Pocono, Pa., for plaintiff.

William H. Robinson, John A. Hiscott, Stroudsburg, Pa., for defendants.

## MEMORANDUM

KOSIK, District Judge.

The plaintiff, Agnes Sandt, instituted this action on October 27, 1987 pursuant to the Fair Labor Standards Act ["FLSA"], 29 U.S.C. §§ 201, *et seq.* In this action, the plaintiff is seeking overtime wages and damages for wrongful termination of employment. The plaintiff was deposed on November 13, 1987 by the defendants. On January 29, 1988 the defendants filed a motion for summary judgment. The motion has been briefed by the parties and is ripe for disposition.

The relevant facts of this case are as follows:

On August 10, 1985, the plaintiff was hired by counsel for defendant Ann Holden to perform domestic and nursing services for Mrs. Holden. The services were required because of Mrs. Holden's age and infirmity. Mrs. Holden was 99 years old when the plaintiff's employment commenced. From August 10, 1985 until August 24, 1987, the plaintiff performed the stated services for Mrs. Holden. The plaintiff alleges that during this time period, she worked more than forty [40] hours per week for Mrs. Holden. However, she claims that she never received overtime pay. According to the plaintiff, on August 4, 1987, through her counsel, she made a demand for payment of overtime hours on counsel for defendant. Nevertheless, the plaintiff states that she was not paid for her overtime hours. On August 24, 1987, the plaintiff was notified that her services for Mrs. Holden were terminated. The plaintiff contends that she was wrongfully terminated from her employment because she made a request for overtime pay. The plaintiff further states that her August 27, 1987 demand for reinstatement of her services has not been honored.[1]

---

1. It should be noted that United Penn Bank is also named as a defendant in this action. Unit-

Count I of the complaint seeks overtime compensation pursuant to § 7 of the FLSA, 29 U.S.C. § 207. Count II of the complaint seeks reinstatement and lost wages for the alleged wrongful termination pursuant to § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

In their motion for summary judgment, the defendants state that the plaintiff, according to her deposition, provided only companionship services for Mrs. Holden and that such services are exempt from the overtime provisions of the FLSA. The defendants also contend that the plaintiff has no cause of action for wrongful termination under the FLSA. Specifically, the defendants argue that the plaintiff has failed to establish that she was discharged for instituting a proceeding under the FLSA or for serving on an industry committee.

With respect to Count I, the plaintiff maintains that although she performed some companionship functions for Mrs. Holden, based upon her practical experience she also performed actual care and quasi nursing supervision. The plaintiff also contends that her functions were of an attendant care service nature under Pennsylvania law. Insofar as Count II is concerned, the plaintiff states that she has set forth a cause of action for wrongful termination. Specifically, she states that on August 4, 1987 she demanded overtime compensation in accordance with the FLSA. Subsequently, her employment with Mrs. Holden was terminated. Thus, the plaintiff argues that her termination was in retaliation for her assertion of her rights under the FLSA.

In their reply brief, the defendants state that the plaintiff's practical experience did not elevate her to the level of trained personnel. The defendants also state that under the Pennsylvania Attendant Care Services Act, 62 P.S. §§ 3051, *et seq.*, which is relied upon by the plaintiff, the definition of attendant care services falls within the FLSA's definition of companionship services. Furthermore, the defendants state that even if the plaintiff was terminated for demanding overtime pay, she has still failed to state a cause of action for wrongful termination.

Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56; *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982); *Continental Ins. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in light most favorable to the non-moving party. *Continental Ins.,* supra. Additionally, the Supreme Court has recently ruled that Fed.R. Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). The Court further stated that "Rule 56(e) ... requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* 477 U.S. at 323, 106 S.Ct. at 2553.

Section 7(*l*) of the FLSA, 29 U.S.C. § 207(*l*), provides that: "[n]o employer shall employ an employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section." Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part that: "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-

---

ed Penn Bank is the trustee of a revocable intra vires trust with defendant Holden as the settlor.

*See* Doc. 1 and page 2 of plaintiff's November 13, 1987 deposition, Doc. 14 [hereinafter "N.T."].

half times the regular rate at which he is employed."

Exemptions from coverage under § 7 of the FLSA exist and are specified in § 13 of the Act. Section 13(a)(15) of the FLSA, 29 U.S.C. § 213(a)(15), states that § 7 of the Act does not apply with respect to: "any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee in domestic service employment to provide *companionship services* for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." [Emphasis added].

█ The term "companionship services" for the aged or infirm for purposes of § 13(a)(15) of the Act is defined in the federal regulations. Specifically, 29 C.F.R. § 552.6 defines the term "companionship services" as follows:

§ 552.6 Companionship services for the aged or infirm.

As used in section 13(a)(15) of the Act, the term "companionship services" shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, that such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked. The term "companionship services" does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse. While such trained personnel do not qualify as companions, this fact does not remove them from the category of covered domestic service employees when employed in or about a private household.

At the outset, we note that the defendants have not challenged the plaintiff's claims that she worked more than forty [40] hours per week and did not receive overtime compensation. Rather, as discussed, the sole contention of the defendants is that the services rendered by the plaintiff were exempt from coverage under the overtime compensation provisions of the FLSA.

We have reviewed the plaintiff's deposition and agree with the defendants that the services which the plaintiff performed for Mrs. Holden were companionship services. The plaintiff testified that she has an eleventh grade education. She stated that she does not have any nursing licenses. Specifically, she is neither a licensed practical nurse nor a registered nurse. Her prior work history includes working as an aide for the elderly in nursing homes and in private homes. [N.T. 3]. The services which the plaintiff rendered for Mrs. Holden were as follows: "Seeing if she [Mrs. Holden] wanted a drink or a walk to the bathroom; conversation; preparation of her meal; assistance with walking to the kitchen with her meal; conversation [sic]...." [N.T. 7]. The plaintiff would also read to Mrs. Holden; tend to her teeth; check on her bowel movements; give her a bath; get her ready for bed; and watch her as she slept during the night. [N.T. 7–8]. In the mornings, the plaintiff would get Mrs. Holden up; wash her; brush her hair; and check on her dentures. [N.T. 8].

The plaintiff did not provide nursing services as would be performed by a registered nurse for Mrs. Holden other than in the nature of administering enemas or giving laxatives. [N.T. 10]. She did not exercise any judgment in providing Mrs. Holden with medication. [N.T. 10]. The plaintiff did not provide housekeeping services for Mrs. Holden. A cleaning woman was hired to do the general household work. However, the plaintiff did clean up if there were accidents. [N.T. 11]. Thus, we find that the services rendered by the plaintiff were clearly companionship services as defined by the FLSA and its regulations.

As stated, the plaintiff argues that she provided actual care and quasi nursing supervision for Mrs. Holden. The plaintiff also argues that her prior work experience makes her the equivalent of trained personnel. Thus, the plaintiff maintains that under 29 C.F.R. § 552.6, she is excluded from the companionship services exemption of the FLSA. We find no merit to the plaintiff's argument.

The plaintiff testified, as discussed, that her past experience was as an aide. As an aide the plaintiff was responsible for the general care of elderly patients. This care entailed helping with bedpans, walking the patients, giving baths, running for meals, serving meals and helping with feeding the patients. [N.T. 3–4]. Furthermore, as mentioned, the plaintiff had no licenses or certifications. [N.T. 3]. Nor did the plaintiff have any formal training. Additionally, there has been no evidence presented which indicates that the plaintiff ever administered any medication to the extent which trained personnel would administer. We do not believe that the plaintiff's stated prior experience and job training places her in the category of trained personnel as contemplated by the federal regulations. See 29 C.F.R. § 552.6. Rather, the plaintiff's experience and the services she rendered for Mrs. Holden are precisely the type services that the federal regulations describe as companionship services.

We further find that plaintiff's reliance upon the Pennsylvania Attendant Care Services Act is misplaced. As argued by the defendants, the FLSA and its regulations are applicable in the present case. See 29 U.S.C. § 213(a)(15). Moreover, as discussed, we have found that the plaintiff's services for Mrs. Holden fall within the category of companionship services under the FLSA and its regulations.

Therefore, since we hold that the services which the plaintiff performed for Mrs. Holden were companionship services, the plaintiff is exempt from the overtime provisions of the FLSA.

Next, we shall address the plaintiff's wrongful termination claim.

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides for sanctions against an employer who violates § 215(a)(3). Section 215(a)(3) provides that:

"it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

As mentioned, the plaintiff states that on August 4, 1987 she demanded overtime payment in accordance with the FLSA. As a result of her demand, the plaintiff claims that her employment was terminated on August 24, 1987. The defendants dispute the plaintiff's contention. However, the defendants argue that even if the plaintiff could prove that she was terminated because she requested overtime pay, the plaintiff still would have no cause of action under § 215(a)(3).

▬ It is clear from the record in this case that the plaintiff was not discharged in violation of § 215(a)(3). Specifically, according to the plaintiff's own testimony she was not terminated for filing an FLSA complaint. To the contrary, the record indicates that on August 24, 1987 the plaintiff's employment with Mrs. Holden was terminated. The instant FLSA action, which was the first action ever filed by the plaintiff under the FLSA [N.T. 37], was not filed until October 27, 1987.[2] Thus, the plaintiff was terminated well before she filed an FLSA action. Additionally, as argued by the defendants, the plaintiff was not terminated for any of the other proscribed activities provided for in § 215(a)(3). At her deposition, the plaintiff testified as follows:

Q Excuse me for one minute. Prior to the institution of this complaint, which was approximately October 29th, or 8th, had you filed any complaint or instituted

2. *See* Doc. 1.

or caused to be instituted any proceeding under the Fair Labor Standards Act or testified, or were you about to testify in any such proceedings?

A You lost me. I am sorry.

Q Have you ever filed any complaint or instituted any prior to this complaint having been filed?

A No.

Q Were you serving or about to serve on any industry committee under the Fair Labor Standards Act?

A No.

[N.T. 37].

Moreover, the plaintiff has not offered one shred of evidence which substantiates her allegation that she was discharged for making a request for overtime pay. Rather, the plaintiff testified that after being off work because of a back injury, she informed her employer, Mr. Shull, that she was able to go back to work. Mr. Shull told the plaintiff that she was not needed and that she had been replaced permanently. [N.T. 29]. The plaintiff also questioned Mr. Shull as to why she was replaced permanently and why a temporary replacement was not hired when she was out with her injury. Mr. Shull responded, "Do you want to run this?" [N.T. 29–30]. Mr. Shull also told the plaintiff that if she was needed, he would contact her. [N.T. 30].

The plaintiff cannot merely rely upon her pleadings to support her claim that she was discharged for requesting overtime pay. *Celotex Corp. v. Catrett,* supra, 477 U.S. at 323–24, 106 S.Ct. at 2553. Rather, the plaintiff is required to go beyond her pleadings and designate facts which demonstrate that she was terminated for her overtime pay request. *Id.* As discussed, we find that the plaintiff has completely failed to designate specific facts showing that a genuine issue for trial exists with respect to her wrongful termination claim.

Finally, the plaintiff argues that through her August 4, 1987 letter demanding overtime pay she was asserting her FLSA rights. The plaintiff states that following her letter her employment was terminated. Regardless, we do not believe that the plaintiff has established a § 215(a)(3) violation because, as discussed, the plaintiff has failed to demonstrate that the immediate motivating factor for her discharge was her assertion of her rights under the FLSA.

Accordingly, we shall grant the defendants' motion for summary judgment as to both counts of the complaint.

An appropriate Order will issue.

## ORDER AND JUDGMENT

NOW, this 9th day of March, 1988, IT IS HEREBY ORDERED THAT:

[1] defendants' motion for summary judgment is granted;

[2] judgment is entered in favor of the defendants Ann Holden and United Penn Bank and against the plaintiff Agnes Sandt; and

[3] the Clerk of Court is directed to close this case.